Angela M. Nieves *(pro hac vice)*
**SRIPLAW, P.A.**
21301 Powerline Road
Suite 100
Boca Raton, FL 33433
561.404.4335 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff*
*Zuru Inc.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

# PHOENIX DIVISION

| | |
|---|---|
| Zuru Inc., | CASE NO.: |
| Plaintiff, | **Complaint For Patent Infringement** |
| v. | |
| Salus Brands, LLC, | **(Injunctive Relief Demanded)** |
| Defendant. | |

Plaintiff ZURU INC., by and through its undersigned counsel, brings this Complaint against Defendant SALUS BRANDS, LLC who is promoting, selling, offering for sale and distributing goods bearing, using or practicing Plaintiff's licensed patents without authorization, and in support of their claims, alleges as follows:

## SUMMARY OF THE ACTION

1. Plaintiff ZURU INC. ("ZURU" or "Plaintiff") brings this action against SALUS BRANDS, LLC ("Salus" or "Defendant") for willful patent infringement

under 35 U.S.C. § 271 committed in violation of the Plaintiff's exclusive rights to make, use, offer to sell, or sell its licensed patented invention, within the United States or for importation into the United States any patented invention during the term of the patent-in-suit, and for all the remedies available under 35 U.S.C. §§ 283, 285, and 289.

## SUBJECT MATTER JURISDICTION

2. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

3. This Court also has subject matter jurisdiction over this action pursuant to 35 U.S.C. § 271.

4. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the state law claims because those claims are so related to the federal claims that they form part of the same case or controversy.

## PERSONAL JURISDICTION

5. Defendant is subject to personal jurisdiction in this district because it avails itself of the laws of the State of Arizona, and purposefully directs its activities toward and conducts business with consumers within the state of Arizona and this district.

6. Defendant purposefully directs its activities toward and conduct business with consumers throughout the United States, including within the state of Arizona and this district, by knowingly and intentionally distributing infringing products for sale through its internet-based e-commerce store accessible in Arizona at www.coconutoutdoor.com and www.coconutpoolfloats.com ("Defendant's Websites"), and through multiple third-party resellers such as Target, QVC, and Toys 'R us, including hundreds of retail stores across the U.S. and in Florida.

7. Salus allows Arizona residents to browse infringing goods available on Defendant's Websites and purchase them for direct shipping to their homes. Salus also

supplies third-party sellers who allow Arizona residents to purchase infringing goods available on their e-commerce websites and in retail stores.

## VENUE

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) since Defendant is engaged in infringing activities and causing harm within this district by advertising, offering to sell, selling and/or shipping infringing products to consumers into this district.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1400(b) because Defendant has a regular and established place of business in this judicial district, Defendant engages in infringement in this district, and therefore Defendant is subject to the Court's personal jurisdiction.

## THE PLAINTIFF

10. Plaintiff ZURU INC. is a corporation incorporated under the law of the British Virgin Islands and a Hong Kong registered company with offices in Kowloon, Hong Kong.

11. ZURU is a disruptive and award-winning company that designs, manufactures and markets innovative toys and consumer products. Inspired by kids and imaginative play, ZURU is one of the fastest growing toy companies in the world and is known for their agility, creativity, and new-age manufacturing techniques. ZURU distributes to all major retailers in over 120 countries and has delighted millions of families all over the world with its extensive brand portfolio and partnerships with entertainment properties, including Nickelodeon, Disney, Universal Studios and Dream Works.

12. ZURU has earned an international reputation for quality, reliability and value in the toy industry, which includes various water toys such as water balloons that can be filled simultaneously in seconds and reusable water balloons, both sold under ZURU's brand BUNCH O BALLOONS. ZURU's products are sold through

Amazon.com, Walmart.com, Target.com, Costco.com, Lowes.com, its own website https://zuru.com, and other authorized retailers.

13. Plaintiff offers for sale and sells its products within the state of Arizona, including this district, and throughout the United States.

14. Plaintiff is harmed, the consuming public is duped and confused, and the Defendant earns substantial profits in connection with the infringing conduct.

## PLAINTIFF'S PATENT RIGHTS

15. Plaintiff ZURU is the exclusive licensee of all substantial rights in and to the patents described below that are the subject of this action (collectively the "WATER BALL Patents"), including exclusive intellectual property enforcement rights, the right to pursue acts of infringement, and the right to and retain and recover all proceeds thereof.

16. U.S. Design Patent No. D1,026,139 S entitled "WATER BALL" claims the ornamental design for a water ball, as shown and described through 9 figures that make up the drawings of the claimed design (the "'139 Patent"). The '139 Patent was issued on May 7, 2024, has not expired and is valid. A copy of the '139 Patent is attached hereto as **Exhibit 1**.

17. U.S. Design Patent No. D1,030,929 S entitled "SPHERICAL TOY WATER BALL" claims the ornamental design for a spherical toy water ball, as shown and described through 3 figures that make up the drawings of the claimed design (the "'929 Patent"). The '929 Patent was issued on June 11, 2024, has not expired and is valid. A copy of the '929 Patent is attached hereto as **Exhibit 2.**

18. U.S. Design Patent No. D1,034,861 S entitled "TOY WATER BALL" claims the ornamental design for a toy water ball, as shown and described through 4 figures that make up the drawings of the claimed design (the "'861 Patent"). The '861 Patent was issued on July 9, 2024, has not expired and is valid. A copy of the '861 Patent is attached hereto as **Exhibit 3.**

COMPLAINT FOR PATENT INFRINGEMENT                                    CASE NO.:

19. Plaintiff never granted authorization to Defendant to import, make, use, or sell goods using Plaintiff's WATER BALL Patents.

20. At all times relevant, Plaintiff and/or Plaintiff's licensor complied with the federal patent marking statute, 35 U.S.C. § 287(a).

## DEFENDANT

21. Defendant Salus Brands, LLC is a Massachusetts limited liability company with a place of business at 45 Channing Road, Belmont, MA, 02478, and 201 E. Southern Avenue Ste. 206, Tempe, AZ 85282, and can be served by serving its Registered Agent Ronald W. Dunbar, Jr. at 197 Portland Street, Boston, MA, 02114 or its Registered Agent Kaitlyn Hawley at 658 N. Emery, Mesa, AZ 85207.

22. Salus Brands, LLC is a retail seller and wholesale supplier of unique inflatables, beach balls, and outdoor toys. Salus' products have been featured on radio and new stations across the country, countless blogs, and national television programs such as "The View."

## INFRINGEMENT BY DEFENDANT

23. Defendant is manufacturing, promoting, advertising, distributing, selling, and/or offering for sale in interstate commerce goods that use, practice and infringe the WATER BALL Patents (the "Infringing Goods).

24. Defendant sells its Infringing Goods under different brands such as "SplatterBallz Reusable Water Balloons," among others.

25. Defendant sells its Infringing Goods direct to consumers via Defendant's Websites, and wholesale to third-party sellers such as Target, QVC, Nordstrom, Ace Hardware, and Toys 'R us who in turn sell the Infringing Goods on their e-commerce stores and retail stores across the U.S. and in Florida, as evidenced by the documents attached hereto as **Composite Exhibit 4**.

26. Defendant has never been authorized to practice the WATER BALL Patents at issue in this action for any purpose.

27. On a date after the patents at issue in this action were created, but prior to the filing of this action, Defendant displayed, manufactured, and distributed products that practice or use the WATER BALL Patents without permission, license or consent.

28. In or about October 2025, ZURU discovered the unauthorized use of the WATER BALL Patents on www.Target.com and on Defendant's Websites.

29. Defendant has been selling toy items, specifically reusable water balloons, that copy and practice the WATER BALL Patents without authorization through Defendant's Websites and wholesale to third-party sellers.

30. Defendant offered for sale and sold reusable water balloons that are identical or near identical to the WATER BALL Patents in the course and scope of their business, making profits from their commercial activities.

31. Plaintiff made test purchases of the SplatterBallz Reusable Water Balloons product, one of which was shipped to and received in Florida. Plaintiff reviewed the test purchases and determined that they infringe the WATER BALL Patents. True and accurate photographs of one of the test purchase received in Florida are attached hereto as **Exhibit 5**.

32. ZURU never gave Defendant permission or authority to practice, manufacture, or use the WATER BALL Patents.

33. Defendant has sold their infringing products in competition directly with Plaintiff's genuine products.

34. Plaintiff should not have any competition from the Defendant because Plaintiff never authorized Defendant to use Plaintiff's WATER BALL Patents.

35. Attached hereto as **Composite Exhibit 6** are claim charts illustrating that the Defendant's product infringes each of Plaintiff's WATER BALL Patents.

36. Plaintiff has no adequate remedy at law.

COMPLAINT FOR PATENT INFRINGEMENT                                                                                          CASE NO.:

## COUNT I - PATENT INFRINGEMENT

37. Plaintiff incorporates the allegations of paragraphs 1 through 36 of this Complaint as if fully set forth herein.

38. Plaintiff is the exclusive owner of all substantial rights in, and has standing to sue for infringement of the WATER BALL Patents, claiming the ornamental features of its reusable water balloons.

39. Within the six years preceding the filing of this Complaint, Defendant is making, using, selling, importing and/or offering to sell products which infringe directly or indirectly of the WATER BALL Patents.

40. Defendant has infringed the WATER BALL Patents and will continue to do so unless enjoined by this Court.

41. Defendant's wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from manufacturing, distributing, selling, offering for sale, and/or importing the patented inventions as well as the loss of sales stemming from the infringing acts.

42. Defendant's infringement has injured Plaintiff and Plaintiff is, therefore, entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

43. Defendant's infringement has been willful and deliberate because Defendant had notice of or knew of the WATER BALL Patents and has nonetheless injured and will continue to injure Plaintiff, unless and until this Court enters an injunction, which prohibits further infringement and specifically enjoins further manufacture, use, sale, importation and/or offer for sale of products that come within the scope of the WATER BALL Patents.

WHEREFORE, Plaintiff demands judgment on all Counts of this Complaint and an award of equitable relief and monetary relief against Defendant as follows:

a. Entry of temporary, preliminary, and permanent injunctions pursuant to 35 U.S.C. §§ 271 and 283, and Federal Rule of Civil Procedure 65 enjoining Defendant, its agents, representatives, servants, employees, and all those acting in concert or participation therewith, from manufacturing or causing to be manufactured, importing, advertising, or promoting, distributing, selling, or offering to sell their infringing goods using or practicing Plaintiff's WATER BALL Patents.

b. Entry of a Temporary Restraining Order, as well as preliminary and permanent injunctions pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority, enjoining Defendant and all third parties with actual notice of the injunction issued by this Court from participating in, including providing financial services, technical services or other support to, Defendant in connection with the sale and distribution of non-genuine goods using infringements of the WATER BALL Patents that practice, manufacture, use Plaintiff's patents.

c. Entry of an Order requiring Defendant to account to and pay Plaintiff's damages for patent infringement in an amount to be determined by the Court pursuant to 35 U.S.C. §§ 284 and 289 which shall in no event be less than a reasonable royalty, and that the award to Plaintiff be trebled as provided by 35 U.S.C. § 284.

d. Entry of an award pursuant to 35 U.S.C. §§ 284 and 285 of Plaintiff's costs and reasonable attorney's fees.

e. Entry of an award of pre-judgment interest on the judgment amount.

f. Entry of an Order for any further relief as the Court may deem just and proper.

DATED: December 16, 2025                    Respectfully submitted,

                                            */s/ Angela M. Nieves*

ANGELA M. NIEVES
**SRIPLAW, P.A.**
*Counsel for Plaintiff Zuru Inc.*